McFarland, J.,
delivered the opinion of the court.
This is a motion against W. H. Bean, Tax Collector of Hamilton county, and his sureties, for failure to collect and pay over the school fund, or money, assessed by the county of Hamilton for the year 1871.
Judgment was rendered against Bean and sureties, from which Shepherd prosecutes a writ of error to this Court.
The first objection is, that the notice was of a motion to be entered on bonds for 1870, but the motion is made on bond of 1871, and judgment had on the same. There is nothing in this, as the record shows that after the motion was made, defendants, by their attorneys, entered their appearance, and defended the case. This was a waiver of any error in the matter of notice. 11 Hum., 304.
The judgment is rendered in favor of Hamilton county against the defendants. The condition of the bond, as recited in the judgment, is to collect and pay over to the Trustee of Hamilton county all the common school fund, or money, etc. The thirtieth and fortieth sections of the Common School Law, Act of 1873, require the taxes to be collected as other taxes are, and paid over to the County Trustee in the county where collected.
"We have been pointed to no provision of law autho *382 rizing any one but the County Trustee to collect this fund, and as it is to be paid over to him, we think the motion should have been made, in his name. The county is ordinarily represented by the County Court, and we take it, that a motion made in the name of the Justices of the County Court would find no warrant in the statute cited.
Another fatal error in this case is that Pucket, the County Judge, was permitted to state the results of his examination of the amount of taxes charged against the collector, and also the amount of vouchers. The vouchers themselves should have been filed, if to be used as evidence, and copies of the tax-books, instead of the verbal statement of the County Judge as to the amounts. The book itself, or a copy, was the best evidence. These papers are found in the record, but are not made part of the bill of exceptions, therefore cannot be looked to as part of the case.
■ The judgment on its face shows that the motion was made against all the securities, but that one of them had died, and the plaintiff dismissed his suit as to this one, and proceeded to judgment against the principal and balance of the sureties.
It is insisted this is error. By sec. 3583 of the Code, a motion is given “ against the person in default, and such other persons made liable with him, as may be in existence at the time of the motion.” If one of the sureties were dead at the time the motion is cniered, then it should be against those in existence, or living at the time. Hearn v. Erwin, 3 Col., 399.
By sec. 3597: “In case of the death of an officer, *383 or either of his sureties, pending a motion against them, it may be revived against the personal representatives of the deceased, in the same manner as other suits are revived. Taking these two sections together, we think, it is optionary whether this revivor be had or not. The right to the motion is .complete against the parties in existence at the time it is commenced. If one die before judgment, we do not think this ought to defeat the right against the others in existence. Nor can we see any good reason why the word “may” in the section shall be construed as imperative, so as to defeat a motion pending. No administration may be in existence, and much delay may occur before administration had.
By sec. 735, it' is provided that if either of the sureties is dead before the motion is made, the court shall give judgment against the principal and surviving sureties on the bond, thus carrying out the idea that the death of one of the sureties does not defeat the remedy against the survivors. See Fry v. Britton et als., 2 Heis., 606. We do not think this objection is well taken.
Without further discussion, though there are probably other errors in the record, for the matters referred to, the judgment is reversed, and the motion dismissed.